# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Brayan M.,

        Petitioner,

v.

Pamela Bondi, et al.,

        Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATION AND GRANTING WRIT OF HABEAS CORPUS**

Civil File No. 26-496 (MJD/DTS)

---

Kira Aakre Kelley, Climate Defense Project, Counsel for Petitioner.

Daniel Rosen, United States Attorney, Counsel for Federal Respondents.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge David T. Schultz dated February 2, 2026. Petitioner filed an objection to the Report and Recommendation. [Doc. 8.]

Pursuant to statute, the Court conducted a de novo review upon the record. 28 U.S.C. §636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court adopts the Report and Recommendation of Magistrate Judge Schultz dated February 2, 2026 with modification.

Petitioner's objection centers around the remedy Petitioner seeks. Magistrate Judge Schultz recommends that a bond hearing be held within the next seven days, and if no hearing is held, that the Petitioner is released. [Doc. 7.] Petitioner argues that allowing the Respondents to detain Petitioner pursuant to 28 U.S.C. 1226(a) until a hearing is held "would first require Respondents to have provided a warrant." [Doc. 8.] The absence of a warrant, Petitioner argues, requires release as opposed to a bond hearing. [Id.]

Section 1226 provides that an "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 28 U.S.C. 1226(a) (emphasis added). This Court, alongside many others in the District of Minnesota, have recognized that such language requires Respondents to produce a warrant to continue to detain someone according to Section 1226.

Petitioner raised the argument that Respondents presented no warrant prior to Petitioner's detention. [Doc. 1.] Respondents then failed to meaningfully address this argument, even when specifically instructed to

by this Court. [See Doc. 3 (requiring that the Respondents "establish the lawfulness and correct duration of Petitioner's detention" as well as respond to "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.").]

Therefore, this Court agrees with Petitioner's position that release is the appropriate remedy for a detention that lacks a lawful predicate. The objection is sustained. The R&R will be modified accordingly.

Accordingly, based upon the files, records, and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The Court **ADOPTS with modification** the Report and Recommendation of United States Magistrate Judge David T. Schultz dated February 2, 2026 **[Doc. No. 7]**.

2. Petitioner Brayan M.'s Petition for a Writ of Habeas Corpus **[Doc. No. 1]** is **GRANTED as follows:**

   A. Respondents must immediately release Petitioner from detention into Minnesota;

   B. Petitioner shall be released on his own recognizance without any conditions upon his release; and

   C. Respondents are required to confirm Petitioner's release from custody within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 7, 2026         s/Michael J. Davis
                                           Michael J. Davis
                                           United States District Court